UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAYLA BREANN E. COLLINS,

    Applicant,

v.                                                Case No. 8:21-cv-479-TPB-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Kayla Breann E. Collins, a Florida prisoner, timely filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the application and the response in opposition (Doc. 13), the application is denied.[1]

## Procedural History

A state court jury convicted Collins of manslaughter, grand theft, and grand theft of a motor vehicle. (Doc. 13-1, Ex. H.) The state trial court sentenced her to an overall term of 50 years in prison. (Doc. 13-1, Ex. I.) The state appellate court *per curiam* affirmed her convictions and sentences. (Doc. 13-1, Ex. M.) The state court denied Collin's motion for postconviction relief,

---

[1] Collins did not file a reply.

1

filed under Florida Rule of Criminal Procedure 3.850. (Doc. 13-1, Exs. Q, R.) The state appellate court *per curiam* affirmed the denial of relief. (Doc. 13-1, Ex. U.)

## Factual Background[2]

In the early morning hours of August 4, 2016, Collins was at a gentleman's club in Pasco County, Florida, across the line from Hernando County. She and her friends were getting ready to leave and go to Denny's for breakfast. A man who had been in the club named Jeffrey Lott offered to buy breakfast for the group.

Lott asked Collins to drive his truck because he was too drunk to drive. Collins agreed. On the way to Denny's, Lott said that he needed to stop at the ATM, but that he could not find his wallet. Lott had Collins drive him to a Holiday Inn in Hernando County so he could look for his wallet. Lott found his wallet and drove the truck to an ATM.

After he used the ATM, Lott said that he wanted to go back to hotel and that he had gotten some extra money, and started asking Collins for sexual favors. Collins told him that she would not do that and asked to go to Denny's. Lott then pulled out a gun, aimed it at Collins, and said, "You know I can really just do whatever I want. It's not up to you, I'm not really asking you, I'm telling

---

[2] This factual summary is based on the trial transcript and appellate briefs.

2

you." (Doc. 13-1, Ex. G, p. 413.) Lott drove back to the Holiday Inn, keeping the gun pointed at Collins the whole time.

At the hotel, as Lott got out of the truck, he set his gun down on the driver's seat. When he had his back turned to the interior of the truck as he exited, Collins grabbed the gun and hid it under her leg. Lott turned around and asked her where the gun was. Collins replied that she did not know, and Lott reached over the seat and grabbed Collins. They struggled, and Lott jumped out of the truck and ran around to the passenger side. Collins opened the passenger side door. Lott was about to grab her when she shot him six times.

Collins took the keys out of Lott's pocket and drove his truck out of the parking lot. When she saw an officer conducting a traffic stop, Collins yelled out the window that there were gun shots and a man was hurt in the parking lot. She did not state that she was attacked or was defending herself.

Collins drove to Denny's, where she met up with her friend and said that she "fucked up" and that she "killed him." (Doc. 13-1, Ex. G, pp. 160, 440.) When her friend did not want to talk to her any further, Collins left Denny's, abandoned Lott's truck in a driveway, and threw his wallet on the ground. Collins walked to another friend's house.

Collins later got a ride to the club, where she picked up her car. She drove to her father's friend's house, and said that she wanted to turn herself in. When

police arrived at her father's friend's house, Collins ran towards the back of the house but ran into a glass door. Police took her into custody.

## Standards of Review

**The AEDPA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if an applicant is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v.*

*Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the convictions and sentences and denial of postconviction relief without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance

5

without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] . . . presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

**Ineffective Assistance Of Counsel**

Collins alleges ineffective assistance of trial counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. But "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Collins must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Collins must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation and citations omitted); *see also Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is doubly deferential.") (internal quotation and citation omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

### Exhaustion Of State Remedies; Procedural Default

A federal habeas applicant must exhaust his claims by raising them in state court before presenting them in his application. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents

7

those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the applicant fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (stating that unexhausted claims that "would be procedurally barred in state court due to a state-law procedural default" provide no basis for federal habeas relief).

An applicant shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). An applicant demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

8

## Analysis

**Ground One**

Collins claims that the trial court erred in denying her motion to dismiss the charges and declare her immune from prosecution under Florida's Stand Your Ground law. Collins alleges a violation of her Fifth Amendment rights.

Collins did not raise this trial court error claim as a federal claim in state court. (Doc. 13-1, Ex. K, pp. 20-34.) Collins did not allege a violation of her federal constitutional rights or cite any federal law. (*Id.*) Instead, she based her argument on state law. (*Id.*) Collins cannot return to state court to raise a federal claim in a second, untimely direct appeal. *See* Fla. R. App. P. 9.140(b)(3) (stating that a notice of appeal must be filed within 30 days of the rendition of sentence). Therefore, the federal claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Collins does not establish that an exception applies to excuse the default. *See id.* Accordingly, Ground One is barred from federal habeas review.[3]

**Ground Two**

Collins contends that the state court violated her federal constitutional right to a fair trial when it denied her motion for judgment of acquittal on the

---

[3] The Court notes that within Ground One, Collins makes a cursory reference to a denial of her constitutional right to effective counsel. But she does not allege supporting facts. This unelaborated reference is insufficient to identify a particular claim of ineffective assistance of counsel or establish any basis for relief.

9

count of grand theft of a motor vehicle. She contends that "the evidence affirmatively showed that the taking of the victim's truck was an afterthought of the shooting." (Doc. 1, p. 11.)

Similar to Ground One, Collins did not exhaust the federal nature of her claim in state court. She relied entirely on state law in asserting that the trial court erred in denying her motion for judgment of acquittal. (Doc. 13-1, Ex. K, pp. 35-37.) Because Collins failed to fairly present the federal nature of the claim to the state court, and because she cannot return to state court to raise a federal claim in an untimely and successive direct appeal, the federal claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Collins has not established that an exception applies to overcome the procedural default. *See id*. Ground Two is barred from federal habeas review.

**Ground Three**

Collins argues that trial counsel was ineffective for failing to hire an expert on self-defense and Stand Your Ground issues. She contends that such an expert "would have made a clear argument for stand your ground as a defense." (Doc. 1, p. 18.) In her postconviction motion, Collins asserted that an expert would have testified to her state of mind and would have testified that she reacted out of fear for her life.

The state court denied Collins's claim:

> In ground (2), the Defendant claims that counsel was ineffective for failing to hire a self-defense expert to assist at trial. The Defendant asserts that a self-defense or trauma expert would have been able to testify to the Defendant's state of mind at the time of the offense and conclude that she acted completely in self-defense.
>
> The Court finds that the Defendant has failed to establish prejudice. An expert witness would not have been able to testify to the Defendant's state of mind at the time of the offense. An expert may have been able to testify to whether or not the Defendant's actions were possible or not given the circumstances, however the self-defense instruction provides that "the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force." *Jury Instruction 3.6(f)* Justifiable Use of Deadly Force. Therefore, the jury was required to evaluate whether a reasonable person under the same circumstances would have used the same force in response to the threat; not whether the Defendant, under her state of mind at the time, acted reasonably. Therefore, the Court finds that the Defendant has failed to establish that the outcome of the trial would have been different if a self-defense expert would have testified to her state of mind. This ground is denied.

(Doc. 13-1, Ex. R, pp. 18-19.)

The state court did not unreasonably deny Collins's claim. An applicant's burden to prove *Strickland* prejudice "is particularly heavy where the petitioner alleges ineffective assistance in failing to call a witness because often allegations of what a witness would have testified to are largely

11

speculative." *McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1365 (11th Cir. 2021) (internal quotation marks and citation omitted). Therefore, "a petitioner's own assertions about whether and how a witness would have testified are usually not enough to establish prejudice from the failure to interview or call that witness." *Id*.

Collins does not identify any such expert, and merely speculates that an expert could have provided testimony supporting her theory of defense. This speculation is insufficient to show that counsel was ineffective. *See Duran v. Walker*, 223 F. App'x 865, 875 (11th Cir. 2007) ("[Applicant's] claim that an expert witness would have prompted the jury to believe his testimony . . . is conclusory and speculative, and does not amount to a showing of prejudice.").

Furthermore, to the extent that the denial of Collins's claim rests on an application of the relevant standard in evaluating Florida's Stand Your Ground law—that is, the viewpoint of a reasonable person, not the subjective viewpoint of a particular defendant—this Court must defer to the state court's determination of state law. *See Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' [a federal court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law." (quoting *Alvord v. Wainwright*, 725 F.2d

1282, 1291 (11th Cir. 1984))). The state court reasonably determined that counsel was not ineffective for failing to call a witness to testify about Collins's state of mind when such evidence was not relevant to the applicable state law standard.

Collins does not show that the state court's denial of her claim involved an unreasonable application of *Strickland*. Nor does she show that it was based on an unreasonable factual determination. Collins is not entitled to relief on Ground Three.

**Ground Four**

Collins argues that trial counsel was ineffective for failing to inform the jury that the victim made sexual advances toward her before the shooting. The state court denied Collins's claim:

> In ground four (4), the Defendant claims that counsel was ineffective for failing to inform the jury that the victim made sexual advances prior to the incident. The Defendant alleges that had the jury been informed of this, the outcome of the trial would have been different.
>
> The record reflects that the Defendant testified at trial. On direct examination, the Defendant testified that the victim "assumed that I was a dancer or one of the girls from the club, and he started asking me to do sexual favors." The Defendant then explained to the jury that the victim pulled out his gun, aimed it at her and told her that he was not asking her; he was telling her. This testimony made clear to the jury the Defendant's version of events that the victim had demanded sexual

> favors from the Defendant before the shooting took place. Therefore, the Court finds that the Defendant has failed to establish that her attorney was ineffective for failing to ensure the jury was aware that the victim made sexual advances prior to the incident. This ground is denied.

(Doc. 13-1, Ex. R, p. 20) (state court's record citation omitted).

The state court did not unreasonably deny this claim. The record supports the state court's determination that the jury heard, through Collins's testimony, that Lott made sexual advances toward Collins when they were in the truck. (Doc. 13-1, Ex. G, pp. 412-13.) Collins does not clearly explain what other information she believes counsel should have presented or what means, other than her own testimony, counsel should have used to bring such information to the jury's attention. Therefore, Collins does not show that counsel performed deficiently by not informing the jury of the victim's sexual advances toward her, or that she suffered resulting prejudice.

Having failed to show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying her claim, Collins is not entitled to relief on Ground Four.

Accordingly, it is ORDERED that Collins's application (Doc. 1) is DENIED. The CLERK is directed to enter judgment against Collins and to CLOSE this case.

14

It is further ORDERED that Collins is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her application. 28 U.S.C. § 2253(c)(1). The district court or circuit court of appeals must first issue a certificate of appealability. To obtain a certificate of appealability, Collins must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Collins has not made the requisite showing. Accordingly, a certificate of appealability is DENIED. Leave to appeal *in forma pauperis* is DENIED. Collins must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of December, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**